BK 19761 PG 0476

EXHIBIT A

Return To: FHHL - POST CLOSING MAIL ROOM

    1555 W WALNUT HILL LN #200 MC 6712
    IRVING, TX 75038

Prepared By: FIRST HORIZON HOME LOANS,
    A DIVISION OF FIRST TENNESSEE BANK N.A.
    6210 OLD DOBBIN LN BLDE 3 SUITE 190
    COLUMBIA, MD 21045

file 11042ANN
Tax id 600008353000

—————————— [Space Above This Line For Recording Data] ——————————
Refinance

# DEED OF TRUST

MIN 100085200622559302

2007 DEC 21 A 11:15
RECEIVED FOR RECORD
CIRCUIT COURT FOR A.A. COUNTY

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated December 14th, 2007 , together with all Riders to this document.

(B) "Borrower" is
PATRICE LENORE JOHNSON and
Lillian Delores Turner-Javey

MORTGAGORS HEREIN DO AFFIRM UNDER THE PENALTY OF PERJURY THAT THIS PROPERTY IS THEIR PRINCIPAL RESIDENCE, THEY ARE THE ORIGINAL MORTGAGORS, AND THE UNPAID PRINCIPAL BALANCE OF THE EXISTING MORTGAGE IS $ 417,000.00 .
liber 18993 folio 501

Borrower is the trustor under this Security Instrument.
(C) "Lender" is FIRST HORIZON HOME LOANS,
A DIVISION OF FIRST TENNESSEE BANK N.A.
Lender is a NATIONAL BANK
organized and existing under the laws of THE UNITED STATES OF AMERICA

MARYLAND -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS   Form 3021 1/01

VMP®-6A(MD) (0602)
Page 1 of 15   Initials: PLJ
L.D.T.
VMP Mortgage Solutions, Inc.



BK:19761 PG 0491

EXHIBIT A

Exhibit A

BEGINNING FOR THE SAME at a pipe set on the east side of Parole Street, 30 feet wide and at the southwest corner of the parcel of land secondly described in the conveyance Winston G. Gott to Robert L. Moss, by deed dated June 5, 1926, and recorded among the Land Records of Anne Arundel County in Liber WMB 19, folio 468; said pipe being located North 07 degrees 13 minutes East 85 fret from the intersection formed by the east side of Parole Street with the north side of Vincent Street, 30 feet wide; thence from the place of beginning so fixed and running with the east side of Parole Street with courses referred to Annapolis Grid, North, North 07 degrees 13 minutes East 69.78 feet to a pipe set; thence leaving said street and running with the division line, as now surveyed, between the aforementioned parcel 2 and the conveyance from Anne Virginia Chew and husband, to Walter G. Queen and wife by deed dated August 28, 1946 and recorded among said Land records in Liber JHH 381, folio 77, and with the South line of the conveyance from the County Corporation of Maryland to Anne Virginia Brown by deed dated October 26, 1942 and recorded among said Land records in Liber JHH 271, folio 139, South 78 degrees 57 minutes East 167.95 feet to a pipe set in the North 16 degrees 20 minutes East 211.8 foot line of the conveyance from Charles Brooks and wife to Julia Ann Brooks by deed dated March 28, 1950 and recorded among said Land Records in Liber JHH 563, folio 228; thence running with the division line between the aforementioned Parcel 2 and the said conveyance to Julia Ann Brown, as now surveyed South 05 degrees 31 minutes 30 seconds West 64.42 feet to a pipe being located North 05 degrees 31 minutes 30 seconds East 95 feet from the north side of Vincent Street, aforesaid; thence leaving the Brown lot and running with the division line, as now surveyed, between the aforementioned Parcel 2 and the conveyance from James W. Dorsey, Jr. and wife to Mary Ann Brown and husband by deed dated November 20, 1924 and recorded among the said Land Records In Liber WNW 102, folio 84, North 80 degrees 44 minutes 30 seconds West 169.91 feet to the place of beginning. Containing 0.26 acres, more or less, as surveyed by J.R. McCrone, Jr., Registered Professional Engineers and Land Surveyors, in August, 1963.

The improvements thereon being known as 29 Parole Street.

Tax ID: 06-000-08353000

Being the same parcel of ground which by deed dated March 1, 2007 and recorded among the Land Records of Anne Arundel County, Maryland in Liber 18964 folio 288, was granted and conveyed by Pauline J. Turner, Lillian Delores Turner-Javey and Patrice Lenore Johnson unto Lillian Delores Turner-Javey and Patrice Lenore Johnson as joint tenants.

Being also the same parcel of ground which by deed dated

_____, _____ and recorded or intended to be recorded among the Land Records of Anne Arundel County, Maryland immediately prior hereto, was granted and conveyed by Lillian Delores Turner-Javey and Patrice Lenore Johnson unto Lillian Delores Turner-Javey and Patrice Lenore Johnson to change tenancy to tenants in common.

BK 19761 PG 0477

EXHIBIT A

Lender's address is  4000 HORIZON WAY,
                    IRVING, TEXAS 75063
(D) "Trustee" is Larry Rice

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated  December 14th, 2007 .
The Note states that Borrower owes Lender
   FOUR HUNDRED SEVENTEEN THOUSAND & 00/100                                         Dollars
(U.S. $      417,000.00  ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  JANUARY 1, 2038 .
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[x] Adjustable Rate Rider    [ ] Condominium Rider              [ ] Second Home Rider
[ ] Balloon Rider            [ ] Planned Unit Development Rider [ ] 1-4 Family Rider
[ ] VA Rider                 [ ] Biweekly Payment Rider         [ ] Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to

0062255930
VMP®-6A(MD) (0602)                Page 2 of 15           Initials: PLT
                                                                  LDT              Form 3021  1/01


EXHIBIT A

time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County                                                    of    Anne Arundel                                          :
  [Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]

All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.

Parcel ID Number: County: 600008353000 City:              which currently has the address of
29 PAROLE STREET                                                                       [Street]
ANNAPOLIS                                                    [City], Maryland   21401      [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

0062255930

VMP -6A(MD) (0602)                   Page 3 of 15           Initials: PLJ  LDT            Form 3021  1/01

BK 19761 PG C489



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     _[signature]_____ (Seal)
                                      PATRICE LENORE JOHNSON        -Borrower

                                      _Zollie Delmo Timm-Long by Patrice
                                      Lenore Johnson her attorney in fact_
_____     _____ (Seal)
                                                                    -Borrower


_____ (Seal)    _____ (Seal)
                         -Borrower                                   -Borrower


_____ (Seal)    _____ (Seal)
                         -Borrower                                   -Borrower


_____ (Seal)    _____ (Seal)
                         -Borrower                                   -Borrower


0062255930
VMP -6A(MD) (0602)               Page 14 of 15                    Form 3021  1/01

BK 19761 PG C490

EXHIBIT A

STATE OF MARYLAND, _Anne Arundel_ County ss:
  I Hereby Certify, That on this _14th_ day of _December 2007_ before me, the subscriber, a Notary Public of the State of Maryland, in and for the _County of Anne Arundel_, personally appeared

PATRICE LENORE JOHNSON, _individually and as attorney-in-fact for Lillian Delores Turner-Javery_

known to me or satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge that he/she/they executed the same for the purposes therein contained.
  AS WITNESS: my hand and notarial seal.
  My Commission Expires: 3-1-09

_Notary Public_

STATE OF _Maryland_, _Anne Arundel_ County ss:
  I Hereby Certify, That on this _14th_ day of _December 2007_ before me, the subscriber, a Notary Public of the State of _Maryland_ and for the _County of Anne Arundel_, personally appeared _Barbara Brookman_

the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party or parties secured by the Deed of Trust to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time not later than the execution and delivery by the Borrower of this Deed of Trust; and also made oath that he is the agent of the party or parties secured and is duly authorized to make this affidavit.
  AS WITNESS: my hand and notarial seal.
  My Commission Expires: 5-1-09

_Notary Public_

This is to certify that the within instrument was prepared

_J Michael Maca_
FIRST HORIZON HOME LOANS,
A DIVISION OF FIRST TENNESSEE BANK N.A.

0062255930

VMP-6A(MD) (0602)

Page 15 of 15

Initials: PLJ / LDT

Form 3021  1/01

# INTEREST-ONLY PERIOD
# ADJUSTABLE RATE NOTE
(One-Year Treasury Index - Rate Caps - 10 Yr. Interest Only Period)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

December 14th, 2007　　　　　　　ANNAPOLIS　　　　　　　MD
[Date]　　　　　　　　　　　　　　　[City]　　　　　　　　　　　[State]

29 PAROLE STREET, ANNAPOLIS, Maryland 21401

[Property Address]

1. **BORROWER'S PROMISE TO PAY**

   In return for a loan that I have received, I promise to pay U.S. $　　417,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
**FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK N.A.**

   I will make all payments under this Note in the form of cash, check or money order.

   I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of　　5.625　　%. The interest rate I will pay may change in accordance with Section 4 of this Note.

   The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**

   **(A) Time and Place of Payments**

   I will make a payment on the first day of every month, beginning on　　**February 1st, 2008**　　. Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.

   I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as described in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on　　**January 1st, 2038**　　, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at　　PO BOX 809
   　　　　　　　　　　　　　　　　　　　　MEMPHIS, TN 38101
or at a different place if required by the Note Holder.

   **(B) Amount of My Initial Monthly Payments**

   Each of my initial monthly payments will be in the amount of U.S. $　　1,954.69　　until the first Change Date. After the first Change Date, my monthly payment will be in an amount sufficient to pay accrued interest, at the rate determined as described in Section 4 of this Note until the First Principal and Interest Payment Due Date. On that date and thereafter, my monthly payment will be in an amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of changes in monthly payment.

MULTISTATE INTEREST-ONLY PERIOD ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX - 10 Yr. Interest Only Period - Single Family - Fannie Mae Uniform Instrument

Form 3534 10/04 (rev. 9/06)

Wolters Kluwer Financial Services

VMP ®-178N (0609)

Page 1 of 5　　　　　　　　　　Initials: _PLJ_



**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

4. **ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

   **(A) Change Dates**

   The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of **JANUARY, 2013**, and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

   **(B) The Index**

   Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

   If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

   **(C) Calculation of Changes**

   Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND THREE-QUARTERS** percentage points ( **2.750** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

   The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

   **(D) Limits on Interest Rate Changes**

   The interest rate I am required to pay at the first Change Date will not be greater than **10.625** % or less than **2.750** %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than **10.625** %.

   **(E) Effective Date of Changes**

   My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

   **(F) Notice of Changes**

   Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

   **(G) Date of First Principal and Interest Payment**

   The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be that date which is the 10th anniversary date of the first payment due date, as reflected in Section 3(A) of the Note.

5. **BORROWER'S RIGHT TO PREPAY**

   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my

Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. If the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest. If the partial Prepayment is made during the period when my payments consist of Principal and interest, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.00     % of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

*EXHIBIT A*

_____ (Seal)  
PATRICE LENORE JOHNSON             -Borrower

_____ (Seal)  
                                   -Borrower

_____ (Seal)  
                                   -Borrower

_____ (Seal)  
                                   -Borrower

_____ (Seal)  
                                   -Borrower

_____ (Seal)  
                                   -Borrower

_____ (Seal)  
                                   -Borrower

_____ (Seal)  
                                   -Borrower

*[Sign Original Only]*